**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4720**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GEORGE JACK SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:14-cr-00085-PWG-1)

Submitted: July 17, 2017                          Decided: July 21, 2017

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Vincent A. Jankoski, VINCENT A. JANKOSKI, Silver Spring, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Nicolas A. Mitchell, Kristi N. O'Malley, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Jack Smith was convicted by a jury of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (2012); possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012); and using, carrying, and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). After finding that Smith was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2015), the district court sentenced Smith to a total of 264 months' imprisonment. On appeal, Smith argues that the district court incorrectly calculated his Sentencing Guidelines range because the district court wrongly determined that his prior conviction for Maryland conspiracy to commit robbery is a "crime of violence" as defined in USSG § 4B1.2(a). We affirm.

Rather than review the merits of Smith's challenge to the calculation of his Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). "To apply this assumed error harmlessness inquiry we require (1) knowledge that the district court would have reached the same result even if it had decided the [G]uidelines issue the other way and (2) a determination that the sentence would be [substantively] reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017) (internal quotation marks omitted). The error will be deemed harmless only where we are "certain" that these inquiries are met. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

2

Here, the district court calculated Smith's Guidelines range with and without the career offender enhancement. While the district court ultimately determined that the career offender enhancement applied, the court stated that it would have imposed the same 264-month sentence without the enhancement. We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, assuming that the career offender enhancement was erroneously applied, we must determine whether the resulting upward-variant sentence—19 months above the upper end of the non-career offender Guidelines range—is substantively reasonable. We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we afford "due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [(2012)] factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted).

Our review of the record reveals that the alternative, upward-variant sentence imposed by the district court is substantively reasonable. The district court thoroughly explained why a 264-month sentence was necessary under the § 3553(a) factors. In particular, the district court observed that the circumstances of the instant offenses were troubling given that Smith could have killed someone when he indiscriminately discharged a gun in a residential area after a drug sale went bad. And this was not Smith's first time partaking in dangerous conduct—he previously held a gun to the head of a robbery victim. The district court aptly noted that similar conduct must be deterred and that the public must be protected from someone with such disregard for human life. In addition, the district court reasonably emphasized Smith's lengthy criminal history and that Smith was on parole at the time of the instant offenses. The district court also took into account the need to promote respect for the law and to provide just punishment, and the mitigating circumstances presented by Smith's counsel. Because Smith's upward-variant sentence is supported by the district court's detailed consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable. *See United States v. Foote*, 784 F.3d 931, 942 (4th Cir. 2015) (recognizing that we have "upheld significant variances by district courts that were supported by their reliance on the § 3553(a) factors").

Consequently, we find any Guidelines calculation error to be harmless. *See McDonald*, 850 F.3d at 645. Although Smith argues that any error by the district court

4

cannot be harmless given the disparity in the two Guidelines ranges calculated by the district court, we find his argument unconvincing because the district court was aware of this disparity and the assumed error harmlessness inquiry presupposes that there may be a disparity in the Guidelines ranges. Moreover, under an assumed error harmlessness inquiry, we have affirmed upward variances greater than 19 months above the assumed Guidelines range when supported by the § 3553(a) factors. *See United States v. Hargrove*, 701 F.3d 156, 163-65 (4th Cir. 2012) (affirming 60-month sentence with assumed Guidelines range of 0-6 months' imprisonment); *United States v. Savillon-Matute*, 636 F.3d 119, 124 (4th Cir. 2011) (affirming 36-month sentence with assumed Guidelines range of 4-10 months' imprisonment).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
